UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 08-4738 DSF (JTLx) | Date | 10/01/08 |
|---|---|---|---|
| Title | Jon Carpenter v. Joenaz Properties, LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)  Order Remanding Action to Superior Court of California, County of Los Angeles

　　　Plaintiff Jon Carpenter has filed numerous complaints in the Superior Court of California, alleging discriminatory practices in public accommodations.  Some of these complaints have been removed to this Court pursuant to 28 U.S.C. § 1441 based on Plaintiff's claims under the Americans with Disabilities Act of 1990 ("ADA").  Plaintiff recently moved to remand a number of the removed cases on various grounds, including lack of subject matter jurisdiction.  In some cases he filed amended complaints, which he apparently believed deleted the federal claims.  During a hearing on several of the motions to remand, Plaintiff's counsel advised the Court that he intended to dismiss Plaintiff's federal claims, and then would prefer that the Court remand the cases to the Superior Court.

　　　Recognizing that the Court had discretion to retain jurisdiction over the supplemental claims so long as it had jurisdiction at the time of the removal, the Court offered defense counsel an opportunity to object to remand of the supplemental claims.  His objections are reflected in the court reporter's transcript of the proceedings.

　　　Plaintiff has since filed in this action a "Notice of Voluntary Dismissal of Only Plaintiff's First Cause of Action."  Defendants have filed Objections to Remand if Only First Cause of Action Dismissed, asserting that federal claims remain in Plaintiff's complaints or amended complaints.  The Court disagrees.  Plaintiff's "Second Claims" all purport to be brought under California law.  "The plaintiff is the master of his or her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS 6

complaint and may avoid federal jurisdiction by exclusive reliance on state law." <u>Easton v. Crossland Mortgage Corp.</u>, 114 F.3d 979, 982 (9th Cir. 1997). "Federal question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." <u>Wander v. Kaus</u>, 304 F.3d 856, 859 (9th Cir. 2002). "A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law . . . (2) where the claim is necessarily federal in character . . . or (3) where the right to relief depends on the resolution of a substantial, disputed federal question . . . ." <u>Arco Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality of the State of Mont.</u>, 213 F.3d 1108, 1114 (9th Cir. 2000) (citations omitted). "[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." <u>Easton</u>, 114 F.3d at 982.

> The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction. Unlike the California Disabled Persons Act and the Unruh Civil Rights Act, both of which provide damages for violations, the only remedy available to a private plaintiff under the ADA is injunctive relief.

<u>Pickern v. Best Western Timber Cove Lodge Marina Resort</u>, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002). Here, Plaintiff clearly seeks damages in connection with his "Second Claims."

As Plaintiff's ADA claim was the only basis for subject matter jurisdiction, the Court now has discretion to retain or to remand the supplemental claims. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .") Given that this litigation is at an early stage, the Court finds it is appropriate to remand this matter to state court. <u>See</u> <u>id.</u> Comm. on 1988 Rev.

The Court need not - and does not - determine whether it had subject matter jurisdiction at the time of the initial removal.

This action is remanded to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6